UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON CASIANO, : | |
|     Petitioner, : | |
| : | PRISONER CASE NO. |
| v. : | 3:04-cv-1612 (JCH) |
| : | |
| STATE JAIL/PRISON DOC : | |
| WARDEN, et al. : | FEBRUARY 22, 2006 |
|     Respondents. : | |

**RULING RE:  MOTION TO DISMISS [DOC. NO. 18]**

The petitioner, Jason Casiano, is currently confined at the MacDougall Correctional Institution in Suffield, Connecticut.  He brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 1997 conviction for felony murder, attempted robbery in the first degree and conspiracy to commit robbery in the first degree.  Pending before the court is a motion to dismiss filed by the respondents.  For the reasons set forth below, the respondents' motion to dismiss is granted.

**I.      PROCEDURAL BACKGROUND**

In February 1997, in the Superior Court for the Judicial District of New Haven, Connecticut, the petitioner entered a conditional nolo contendere guilty plea to the charges of  felony murder, attempted robbery in the first degree and conspiracy to commit robbery in the first degree.  See State v. Casiano, 55 Conn. App. 582, 583 (1999).  A Superior Court Judge sentenced the petitioner to fifty years of imprisonment.  See id. at 585.  The petitioner appealed his conviction to the Connecticut Appellate Court.  On November 2, 1999, the Appellate Court affirmed the judgment of conviction.  See id. at 591.  On February 10, 2000, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the Connecticut Appellate Court.  See State v. Casiano, 252 Conn. 942 (2000).

On November 24, 1997, the petitioner filed a petition for writ of habeas corpus in state court. The petitioner filed an amended petition for writ of habeas corpus on October 3, 2001, raising various ineffective assistance claims. See Casiano v. Warden, Docket No. CV97-0329867S (Conn. Super. Ct. Oct. 3, 2001). On June 4, 2002, the court denied the amended petition. On October 14, 2003, the Connecticut Appellate Court dismissed the petitioner's appeal of the trial court's denial of his amended habeas petition. See Casiano v. Commissioner of Correction, 79 Conn. App. 828 (2003). The petitioner did not file a petition for certification to appeal the decision of the Connecticut Appellate Court.

The petitioner commenced this action on September 13, 2004, the date he presumably handed his habeas petition to prison officials for filing. The petitioner raises the same five ineffective assistance of counsel grounds that he raised in his amended state habeas petition. He did not raise these claims on direct appeal.

## II. STANDARD OF REVIEW

A petitioner must exhaust all available state remedies prior to filing a habeas petition in federal court. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509, 510 (1982); Daye v. Attorney General of the State of New York, 696 F.2d 186, 190 (2d Cir. 1982), cert. denied, 464 U.S. 1048 (1982); 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is not jurisdictional; rather, it is a matter of federal-state comity. See Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (per curiam). The exhaustion doctrine is designed not to frustrate relief in the federal courts, but rather to give the state court an opportunity to correct any errors which may have crept into the state criminal process. See id. Ordinarily, the exhaustion requirement has been satisfied if the federal issue has been properly and fairly presented to the highest state court either

by collateral attack or direct appeal.  See O'Sullivan, 526 U.S. at 844 (citing Brown v. Allen, 344 U.S. 443, 447 (1953)).  "[T]he exhaustion requirement mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the petition."  Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990).

The Second Circuit requires the district court to conduct a two-part inquiry.  First, the petitioner must have raised before an appropriate state court any claim that he asserts in a federal habeas petition.  Second, he must "utilize[] all available mechanisms to secure appellate review of the denial of that claim."  Lloyd v. Walker, 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing Wilson v. Harris, 595 F.2d 101, 102 (2d Cir. 1979)).  A petitioner must present his federal constitutional claims to the highest state court before a federal court may consider the merits of the claims.  See Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process."  O'Sullivan, 526 U.S. at 845.

### III.  DISCUSSION

The respondents argue that the petition should be dismissed because none of the claims are exhausted.  The petitioner acknowledges that the claims are unexhausted, but asks the court to stay this case while he attempts to fully exhaust the claims.[1]

The claims raised in the present petition are the same as those raised by the petitioner in his state habeas petition.  Because the petitioner did not file a petition for

---

[1] Insofar as petitioner's argument in the second paragraph of page 3 of his memorandum in opposition to the motion to dismiss [Doc. No. 22] may be read to suggest that he has exhausted his claims, the court finds that he did not exhaust them, because he did not present his ineffective assistance of counsel claims to the Connecticut Supreme Court.

certification to appeal the decision of the Connecticut Appellate Court regarding his state habeas claims, those claims are not exhausted. The court concludes that the petitioner has failed to fully exhaust his state court remedies as to any of the claims raised in the present petition. Acknowledging this, the petitioner asks the court to stay this action until he can fully exhaust his claims.

In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court approved the use of a "stay and abeyance" procedure in certain "mixed" federal habeas petitions, that is, certain petitions contain both exhausted and unexhausted claims. The Court held that courts should stay a mixed petition where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially mertiorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 1535. This petition, however, contains no exhausted claims. Thus, Rhines is inapplicable to this case.

Rhines and other cases approving use of the stay and abeyance procedure with respect to mixed petitions are premised on the idea that the petition contains some properly exhausted claims, and these are the claims that the court may stay. In the present case, the petition contains no exhausted claims for the court to stay. The cases that the petitioner cites in his response to the respondent's motion to dismiss similarly involved petitions containing some unexhausted claims. See Collins v. Lockhart, 707 F.2d 341, 344 (8th Cir. 1983); Thompson v. Wainwright, 714 F.2d 1495, 1499-1500 (11th Cir. 1983).

Casiano also argues that he should not be required to exhaust his claims in a state habeas proceeding because any further appeal to the Connecticut Supreme Court would

be futile in light of the Connecticut Appellate Court's dismissal of his claims. The fact that the appellate court dismissed his claims is not sufficient to show futility, as the exhaustion rule itself requires that any claims unsuccessful in lower state courts be brought to the state's highest court, where such review is available. The First Circuit case that Casiano cites in support of his futility argument held that a petitioner may be relieved of the obligation to pursue all available state remedies prior to filing a federal habeas petition where "a state's highest court has ruled unfavorably on a claim involving facts and issues materially identical to those undergirding a federal habeas petition and there is no plausible reason to believe that a replay will persuade the court to reverse its field." See <u>Allen v. Attorney General of the State of Maine</u>, 80 F.3d 569, 573 (1st Cir. 1996). Even if this rule were controlling in the Second Circuit, Casiano does not mention, and the court is not otherwise aware of, any particular Connecticut Supreme Court decision so "materially identical" such that it would preclude the possibility that the Connecticut Supreme Court might have granted his federal constitutional claims had they been presented to it. The court therefore does not find that exhaustion would have been futile on this ground.

In the "Procedural History" section of his response to the motion to dismiss, Casiano alleges that his attorney in the state habeas proceedings informed him that "[h]is appeal was dismissed and that he was denied cert at Connecticut Supreme Court." (emphasis omitted). Pet.'s Mem. Opp. Mot. Dismiss. at 2 [Doc. No. 22]. Insofar as this allegation might be read as a claim that the court should excuse the failure to exhaust, it

does not find authority permitting it to do so on account of the attorney's misconduct.[2]

Thus, the motion to dismiss is granted on the ground that the petitioner has failed to exhaust his available state court remedies prior to filing this petition.

## IV. CONCLUSION

The respondent's Motion to Dismiss [**Doc. No. 18**] is **GRANTED**. The petition for writ of habeas corpus is **DISMISSED,** without prejudice, for failure to exhaust state court remedies. The petitioner may file a new action after he has fully exhausted all available state court remedies as to the grounds in the petition.

The Supreme Court has held that,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). In addition, the Court stated that, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

---

[2] The court notes that the one-year statute of limitations for filing a federal habeas petition, see 28 U.S.C. § 2254(b)(1)(A); Rhines, 544 U.S. at 1533, may have already run but also notes that courts occasionally find exceptions to this limitations period. For example, upon a showing that "extraordinary circumstances [, which in some cases may involve conduct by an attorney,] prevented [the petitioner] from filing his [federal habeas] petition on time," and that the petitioner himself "made reasonably diligent attempts to ensure that his petition was filed on time," a court is permitted to toll the one-year limitations period for filing a federal habeas petition. See Doe v. Menefee, 391 F.3d 147, 174-75 (2d Cir. 2004) (citing Baldayaque v. United States, 338 F.3d 145 (2d Cir. 2003)). The court states no position on whether the facts of Casiano's case would make him eligible for equitable tolling.

This court concludes that a plain procedural bar is present here; no reasonable jurist could conclude that the petitioner has exhausted his state court remedies with regard to any ground for relief contained in this petition.  Accordingly, a certificate of appealability will not issue.  The Clerk is hereby directed to close this case.

**SO ORDERED.**

Dated this 22nd day of February, 2006, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge